DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                            )
**MICHAEL MOTYLINSKI,**                     )
                                            )
                **Plaintiff,**              )
                                            )
        v.                                  )   Civil Action No. 2013-127
                                            )
**GLACIAL ENERGY (V.I.),**                  )
**LLC and MARILYN**                         )
**LOBEL,**                                  )
                                            )
                **Defendants.**             )
_____)

**Attorneys:**
**Ryan Meade, Esq.,**
Miami, FL
        *For the Plaintiff*

**Bailey A. Calhoun, Esq.,**
**Charles E. Engeman, Esq.,**
St. Thomas, U.S.V.I.
        *For the Defendants*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' "Suggestion of Bankruptcy" (Dkt. No. 47), Plaintiff's Response thereto (Dkt. No. 49), and Defendants' Reply (Dkt. No. 50). For the reasons that follow, the Court will stay the proceedings in this case.

By Complaint filed on December 26, 2013, Plaintiff Michael Motylinski ("Plaintiff") initiated this action against Defendants Glacial Energy, LLC ("Glacial") and Marilyn Lobel ("Lobel"), alleging that Glacial, his former employer, terminated Motylinski's employment in violation of Title 29 U.S.C. 2617(a) of the Family Medical Leave Act ("FMLA"), and that the termination constituted wrongful discharge under Title 24 V.I.C. § 76. (Dkt. No. 1). The

Complaint further alleges that Lobel, as Glacial's Chief Financial Officer, was authorized to act with respect to Plaintiff's employment, and is an "employer" subject to liability under the FMLA. (*Id.* at ¶¶ 8–11, 50, 60).

Defendants filed a "Suggestion of Bankruptcy" on April 21, 2014, advising the Court that Glacial had filed a petition for chapter 11 bankruptcy on April 10, 2014, and suggesting that the proceedings in this matter be stayed pursuant to section 362 of the Bankruptcy Code. (Dkt. No. 47). Plaintiff filed a Response to Defendants' Suggestion of Bankruptcy, arguing that the stay should not be extended to his claims against Lobel, because she is not a debtor in the bankruptcy proceedings. (Dkt. No. 49). Defendants countered in their Reply that these proceedings should be stayed as to Lobel because Glacial is contractually obligated to indemnify her against any liability, legal fees, and costs arising out of these proceedings. (Dkt. No. 50).[1]

> The filing of a petition for chapter 11 bankruptcy:
>
> operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1) (emphasis added). The parties agree that the automatic stay under section 362 is limited to actions "against the debtor," absent "unusual circumstances." (Dkt. No. 49 at 1; Dkt. No. 50 at 1–2); *see also McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510–11 (3d Cir. 1997) (noting that, although the automatic stay under section 362 applies only to actions against the debtor, there is an exception for "unusual circumstances," such as "where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the

---

[1] Defendants alternatively requested a stay of proceedings for forty-five days "in order to allow Glacial to seek an extension of the stay as to Lobel from the Bankruptcy Court." (Dkt. No. 50 at 7). As discussed below, the Court will stay the proceedings in their entirety pursuant to section 362. Accordingly, the Court will deny as moot Glacial's request for a forty-five day stay.

real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.") (internal citations and quotation marks omitted). Plaintiff argues that "there are no unusual circumstances [here] that would justify extending the automatic stay to non-debtor LOBEL." (Dkt. No. 49 at 1).

Defendants submitted an indemnification agreement between Glacial and Lobel with their Reply. (Dkt. No. 50-1). The indemnification agreement, effective as of October 1, 2012, states, in pertinent part, that if Lobel is made part of a proceeding based on actions taken while working for Glacial, Glacial will indemnify her "[t]o the fullest extent permitted by applicable law . . . against all Expenses . . . , judgments, fines and amounts paid in settlement . . . ." (Dkt. No. 50-1 at 1, 8).

The Third Circuit has adopted the view that "the existence of absolute indemnity agreements between the officers and the debtor corporation create[s] such an identity between the debtor and the individual officers that allowing the suit to proceed against the officers would, in effect, be allowing the suit to proceed against the bankrupt debtor[.]" *Belcufine v. Aloe*, 112 F.3d 633, 637 n.5 (3d Cir. 1997) (citing *McCartney*, 106 F.3d at 510–11; *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 860–61 (6th Cir. 1992); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999–1001 (4th Cir. 1986)); *see also Forcine Concrete & Constr. Co. v. Manning Equip. Sales & Serv.*, 426 B.R. 520 (E.D. Pa. 2010) (noting that cases where section 362's automatic stay applies to parties other than the debtor "frequently involve situations in which the debtor would be forced to indemnify its co-defendants in the event of an adverse verdict.") (citing *McCartney*, 106 F.3d at 510 (citing *In re Am. Film Techs., Inc.*, 175 B.R. 847, 855 (Bankr. D. Del. 1994); *In re Family Health Servs., Inc.*, 105 B.R. 937, 942–43 (Bankr. C.D. Cal. 1989))).

In light of the indemnification agreement between Glacial and Lobel, the Court finds that this case "falls squarely under the 'unusual circumstances' exception" to the rule that an automatic stay of proceedings under section 362 applies only to the debtor. *McCartney*, 106 F.3d at 511. Accordingly the Court will stay the proceedings in this matter in their entirety, as to Glacial and Lobel.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that this case is **STAYED** pending the bankruptcy proceedings; and it is further

**ORDERED** that the Clerk of Court is directed to place this case on the **SUSPENSE DOCKET** pending further Order of the Court; and it is further

**ORDERED** that Defendants' request for a forty-five day stay of the proceedings so that Glacial may seek an extension of the stay as to Lobel from the bankruptcy court is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's request for oral argument is **DENIED**.

**SO ORDERED**.

Date:  July 21, 2014          _____/s/_____
                              WILMA A. LEWIS
                              Chief Judge